UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAZARO CRIBEIRO** | : | **CIVIL ACTION NO. 15-2465** |
|     B.O.P. # 17204-035 | | **SECTION P** |
|     D.O.C. # 136600 | | |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **DARIN CASTRO ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed by plaintiff Lazaro Cribeiro ("Cribeiro"). Before the court is the *pro se* civil rights complaint filed by plaintiff Lazaro Cribeiro ("Cribeiro"). At the time of filing he was incarcerated as a pretrial detainee at Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. He is now housed at D. Ray James Correctional Institution in Folkston, Georgia, in the custody of the federal Bureau of Prisons.

### I.
#### BACKGROUND

Cribeiro states that on August 22, 2015, he skipped three meals because he was upset. Doc. 1, p. 1; doc. 6, p. 3. Officer Darin Castro ("Castro") escorted him to Warden Boyd's ("Boyd") office. Doc. 6, p. 3. Cribeiro promised Boyd that he would eat in the morning and was sent back to his dorm. *Id.* Three hours later Castro informed Cribeiro that, according to prison rules he had to go to the hole because he refused to eat three meals. *Id.* Cribeiro states that he was put in the hole with an inmate with mental problems. *Id.* The next morning Cribeiro's cellmate struck him as he (Cribeiro) was handing his food tray to a guard, causing three fractures to Cribeiro's face. *Id.* Cribeiro also contends that on September 20,

2015, Castro again placed him with another inmate who had mental problems. Doc. 1, p. 1. Cribeiro complained and was moved after one night with the inmate. *Id.* at 2.

As relief for the above Cribeiro seeks monetary compensation for pain and suffering. Doc. 6, p. 4.

## II.
### LAW & ANALYSIS

*A. Frivolity Review*

Cribeiro was credited with payment of the full filing fee of this suit and is not proceeding *in forma pauperis*. However, because he is a prisoner who has filed an action seeking redress from a governmental entity or officer or employee of a governmental entity, his complaint is still subject to and must be reviewed under the court-screening requirements of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915A(a) and (b). *Thompson v. Hayes*, 542 F. App'x 420, 420–21 (5th Cir. 2013) (per curiam) (unpublished); *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Under 28 U.S.C. § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A claim is frivolous if it lacks an arguable basis in law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### C. *Failure to Protect*

It appears that Cribeiro is claiming that the defendant violated his constitutional rights by failing to protect him from the attack in question. Prison officials can be held liable for their failure to protect an inmate[1] only when they are deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 114 S.Ct. 1970, 1979 (1994). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 459 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Furthermore, a plaintiff must establish that the defendant possessed a culpable state of mind. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*,

---

[1] As previously noted, Cribeiro was a pretrial detainee at the time of the incident on which he bases this claim. In *Hare v. City of Corinth*, the Fifth Circuit held "that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." 74 F.3d 633, 650 (5th Cir. 1996). Thus, regardless of whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate. *Id.*; *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir. 1996).

114 S.Ct. at 1979 (1994). "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

In this case, it cannot be concluded that the prison official unconstitutionally exposed Cribeiro to a substantial risk of serious harm. By Cribeiro's own admission, the incident occurred suddenly and without warning. The fact that the cellmate had mental health issues not mean that the defendant knew or had reason to believe that the cellmate would attack Cribeiro. Cribeiro did not allege that there was a history known to the defendant of prior incidents between Cribeiro and the other inmate, or between the other inmate and past cellmates.

Based on the above, Cribeiro's claim that the prison official violated his constitutional rights by failing to protect him from harm lacks a basis in fact and must be dismissed as frivolous.

### D. *Improper Party*

Calcasieu Correctional Center is not a proper party to this suit. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Under Louisiana law, to possess such a capacity an entity must qualify as a "juridical person." This term is defined as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued as they have not been granted juridical status. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Cribeiro's suit against this non-juridical entity fails to state a claim upon which relief can be granted.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Cribeiro's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE